DEGUSSA CANADA LTD., Plaintiff,

v.

UNITED STATES, Defendant.

Slip Op. 95–109.
Court No. 94–05–00250.

United States Court of
International Trade.

June 13, 1995.

---

Barnes, Richardson & Colburn, New York City (Rufus E. Jarman, Jr. and Alan Goggins) for plaintiff.

Frank W. Hunger, Asst. Atty. Gen.; Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, (Carla Garcia–Benitez); of counsel: Stephen Berke, Office of the Asst. Chief Counsel, U.S. Customs Service, Washington, DC, for defendant.

## OPINION

TSOUCALAS, Judge:

Defendant moves this Court for an Order dismissing plaintiff's complaint and action on the ground that plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff, Degussa Canada Ltd., is the importer of record of merchandise consisting of automotive emission catalysts which were entered at the port of Detroit under cover of nine consumption entries ("the Detroit entries") during the period of February through June, 1990. The United States Customs Service ("Customs") classified the merchandise as other parts and accessories of motor vehicles, under subheading 8708.99, Harmonized Tariff Schedule of the United States ("HTSUS"), dutiable at a rate of 3.1% *ad valorem.*

On July 9, 1990, a Protest and Application for Further Review was filed at the port of Buffalo covering other entries of identical merchandise. Customs liquidated the Detroit entries on July 13, 1990 and August 3, 1990.

Thereafter, on December 17, 1990, plaintiff filed a protest with Customs concerning the liquidations of the Detroit entries. The protest was denied on January 31, 1991. On July 23, 1991, plaintiff commenced a civil action in this Court. That action was dismissed for lack of jurisdiction inasmuch as the protest was filed more than ninety days after liquidation.

On December 16, 1991, a request for reliquidation of the entries involved herein was filed. This request was denied on March 19, 1992. On May 27, 1992, plaintiff filed a protest contesting the denial of its request for reliquidation. That protest was denied on January 12, 1994 and on May 2, 1994 this action was commenced.

## DISCUSSION

■ Upon a motion to dismiss, the Court must decide whether the complaint, with all factual allegations taken as true and construed in the light most favorable to the plaintiff, sets forth facts sufficient to state a legal claim. *See Halperin Shipping Co. v. United States*, 13 CIT 465, 466 (1989). To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, in documents appended to the complaint, or incorporated in the complaint by reference. *See Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). Dismissal is proper where it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 1565 (Fed.Cir.1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied*, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988).

■ Plaintiff argues that in liquidating the entries at issue, the Detroit District Director was unaware that an Application for Further Review ("AFR") was pending before Customs Headquarters. Plaintiff claims that this unawareness constituted a mistake of fact, clerical error or other inadvertence on the part of the Detroit District Director. Plaintiff further argues that, through several acts, it brought this mistake of fact on the part of the Detroit District Director to Customs' attention within one year from liquidation sufficiently to permit relief pursuant to § 1520(c) (1988 & Supp. V 1993) and, therefore, all of the required elements for relief under 19 U.S.C. § 1520(c) were present. *Memorandum in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Brief")* at 4–5.

Defendant argues that Congress has enacted a complete system of administration of the Customs laws and specific conditions for judicial review of acts and decisions of the United States Customs Service in the performance of its various duties. *Memorandum in Support of Defendant's Motion to Dismiss ("Defendant's Brief")* at 6. Defendant further argues that under this statutory scheme, the decision of an appropriate Customs official as to classification or liquidation "shall be final and conclusive upon all persons ... unless a protest is filed in accordance with this section." *Id.* at 7 (quoting 19 U.S.C. § 1514(a) (1988 & Supp. V 1993)). Thus, absent the limited exception discussed below, unless a valid protest is filed within ninety days from the date of liquidation, the liquidation of certain imported merchandise becomes final and conclusive upon all persons. *Id.*

Congress has provided a limited exception to the finality of section 1514 by enacting 19 U.S.C. § 1520(c)(1) (1988 & Supp. V 1993) which states:

**(c) Reliquidation of entry or reconciliation**

Notwithstanding a valid protest was not filed, the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry or reconciliation to correct—

(1) a clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in electronic transmission, not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the Customs Service

within one year after the date of liquidation or exaction.

Plaintiff argues that the incorrect classification occurred because the Detroit District Director was unaware of certain facts, i.e., that an Application for Further Review with respect to the Buffalo entries was pending before Customs Headquarters. Degussa claims that if the Detroit District Director had been aware of this fact he would have waited for Headquarters to act on the AFR before liquidating the entries. Therefore, the classification of the entries by the Detroit District Director resulted from a clerical error, mistake of fact, or other inadvertence. *Plaintiff's Brief* at 10–15.

It is fundamental that a determination by the Customs Service that the imported merchandise is covered by a particular provision or item of the tariff schedules is a conclusion of law. *See Mattel, Inc. v. United States,* 72 Cust. Ct. 257, 262, C.D. 4547, 377 F.Supp. 955, 960 (1974). Therefore, an erroneous classification of imported merchandise is not remediable as a clerical error, mistake of fact, or inadvertence under section 1520(c)(1).

In this case, notwithstanding some of plaintiff's factual allegations, it is eminently clear that the determination by the Customs Service in Detroit that the imported merchandise was classifiable under the dutiable automobile parts provision in HTSUS 8708.99 is a determination of law. Consequently, it is equally clear that plaintiff's allegation of a mistake of fact or inadvertence is actually a challenge to the legal conclusion of the Detroit District Director. The fact that a series of other entries covering identical merchandise had been made at the port of Buffalo and that a timely protest with application for further review was filed on these Buffalo entries, and subsequently approved, established that an alleged error was made in the classification of the merchandise and therefore an error in the construction of law.

This Court finds that plaintiff's claim cannot properly be classified as a mistake of fact which would allow plaintiff to avail itself of the application of § 1520(c)(1).

Plaintiff attempts to analogize its situation to the one presented in *C.J. Tower & Sons of Buffalo, Inc. v. United States,* 68 Cust. Ct. 17, C.D. 4327, 336 F.Supp. 1395 (1972), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974), which is a leading case on what constitutes a mistake of fact sufficient to bring to bear application of § 1520(c)(1). In *Tower,* neither the District Director of Customs nor the importer were aware that the merchandise in question was emergency war materials, entitled to duty free treatment under item 832.00, TSUS, until after the liquidation became final. The court held that such a lack of knowledge did not amount to an error in the construction of law but came within the statutory language "mistake of fact or other inadvertence." *C.J. Tower & Sons,* 68 Cust. Ct. at 22, 336 F.Supp. at 1399. However, plaintiff's reliance on *Tower* is misplaced. In *Tower,* the importer and the Customs Service were both unaware of the nature of the goods prior to their liquidation, and for some time thereafter. Based upon the facts known to both the Customs Service and the importer, the goods were subject to duty. The importer was unaware of the ultimate use of his goods and, therefore, could not relate such information to the Customs Service. *Id.* at 22, 336 F.Supp. at 1399.

This Court observes that the *Tower* court considered the character of the merchandise imported as significant, namely, that it was for military department use. The court noted that the applicable free entry provision for government importations must be liberally construed, particularly when the action is brought under § 1520 and if the mistake of fact is the underlying cause for failure to comply with the provision in question. *Id.* at 23, 336 F.Supp. at 1400.

In this action, plaintiff states that the existence of the AFR proceeding was a fact that the Detroit District Director did not know at the time of liquidation and if he had known "he would not, or should not, have liquidated the subject entries when he did." *Plaintiff's Brief* at 11. However, since this fact was not brought to his attention, the Detroit District Director had no means of knowing at the time of liquidation that a further review proceeding was pending.

It is clear from the facts herein and the papers filed in this case, that plaintiff has failed to establish that the alleged error in classification resulted from a clerical error, mistake of fact, or other inadvertence. This case concerns a challenge to classification, which resulted from an error in the construction of the applicable law.

Customs' erroneous classification resulted from a combination of an error of judgment about the law and a misreading of its applicable provisions. "[A]n error of judgment on the part of [Customs] in making a classification of the merchandise under the wrong tariff [provision] ... is a mistake in the applicable law." *Fibrous Glass Prods., Inc. v. United States*, 63 Cust. Ct. 62, 64–65, C.D. 3874, 1969 WL 13781 (1969), *appeal dismissed mem.*, 57 CCPA 141, 1970 WL 11034 (1970).

 An importer who believes that Customs has misinterpreted the applicable law and improperly classified his merchandise may file a protest within 90 days after liquidation of the merchandise pursuant to 19 U.S.C. § 1514 (1988 & Supp. V 1993). Section 1520(c)(1) was not intended to serve as "an alternative to the normal liquidation protest method of obtaining review" under § 1514. *See Computime, Inc. v. United States*, 9 CIT 553, 556, 622 F.Supp. 1083, 1085 (1985) (quoting *C.J. Tower*, 68 Cust. Ct. at 21, 336 F.Supp. at 1398)). As plaintiff failed to file a protest within the statutory time period allowed by § 1514, the liquidation of the merchandise is final and conclusive. *See* 19 U.S.C. § 1514(a) (1988). Plaintiff may not seek to rectify Customs' error in the construction of the law under § 1520(c)(1). *See, e.g., Occidental Oil & Gas Co. v. United States*, 13 CIT 244, 246 (1989).

## CONCLUSION

Plaintiff has failed to allege sufficient facts to establish that the alleged error in classification resulted from a clerical error, mistake of fact, or other inadvertence by Customs as contemplated by 19 U.S.C. § 1520(c)(1). As the mistake by Customs amounted to an error in the construction of the law, plaintiff has failed to state a claim upon which relief may be granted under § 1520(c)(1). Accordingly, defendant's motion is granted and this action is dismissed.

## JUDGMENT

Defendant having moved, pursuant to Rule 12(b)(5) of the Rules of this Court, for an order dismissing plaintiff's complaint and action on the ground that plaintiff has failed to state a claim upon which relief can be granted, and the Court, after due deliberation, having rendered a decision herein; now, then, in accordance with said decision, it is hereby

**ORDERED** that defendant's motion to dismiss is granted; and it is further

**ORDERED** that this case is hereby dismissed.