**DEGUSSA CANADA LTD.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 95–1449.**

United States Court of Appeals,
Federal Circuit.

June 24, 1996.

Rufus E. Jarman, Jr., Barnes, Richardson & Colburn, New York City, argued for plaintiff-appellant. With him on the brief was Alan Goggins.

Amy M. Rubin, Commercial Litigation Branch, Civil Division, Department of Jus-

tice, International Trade Field Office, New York City, argued for defendant-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph I. Liebman, Attorney in Charge, International Trade Field Office.

Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Under 19 U.S.C. § 1520(c)(1) (1988), the Customs Service (Customs) "[n]otwithstanding [that] a valid protest was not filed," may reliquidate a previous entry to correct a "mistake of fact ... in any ... liquidation." The question is whether the Court of International Trade correctly held that the district director's unawareness when he liquidated certain entries that the classification of other entries of the same merchandise by another district director was under review by Customs Service headquarters, was not such a "mistake of fact" that justified reliquidation. *Degussa Canada Ltd. v. United States,* 889 F.Supp. 1543, 1547 (C.I.T. 1995). We affirm.

### I.

The facts are undisputed.

A.   This case involves the classification of automotive emission catalysts that the appellant, Degussa Canada Ltd. (Degussa), imported through the port of Detroit, Michigan between February and June 1990. The district director classified the merchandise as "other parts and accessories of motor vehicles" under subheading 8708.99 of the Harmonized Tariff Schedule of the United States, and liquidated the entries in July and August 1990 at a duty of 3.1 percent. Degussa filed a protest in December 1990, which the district director denied. Degussa then filed suit challenging the classification in the Court of International Trade, which dismissed the complaint because the protest was not timely filed. *Degussa Canada Ltd.,* 889 F.Supp. at 1545.

B.   At the same time Degussa also imported the identical merchandise through the port of Buffalo, New York. The Buffalo dis-

trict director classified the merchandise the same way. Degussa filed a protest of this classification and an application for further review on July 9, 1990. The Commissioner of Customs sustained the protest in September 1991, holding that the goods should have been classified as "catalytic preparations" under subheading 3815.12.00 of the Tariff Schedule, which were duty free.

C.   In December 1991, after the Commissioner's decision, Degussa filed with the district director in Detroit a petition for reliquidation pursuant to 19 U.S.C. § 1520(c)(1). It contended that the original liquidation had been the result of "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law," in that if the district director had been aware of the pending review by the Commissioner, he would have deferred liquidation and, following the Commissioner's decision, would have classified the merchandise in accordance with that decision.

The district director denied reliquidation and, following denial of Degussa's protest of the denial, Degussa filed suit in the Court of International Trade. *Degussa Canada Ltd.,* 889 F.Supp. at 1545. The court granted the government's motion to dismiss Degussa's complaint for failure to state a claim upon which relief may be granted, because

> [i]t is clear from the facts herein and the papers filed in this case, that plaintiff has failed to establish that the alleged error in classification resulted from a clerical error, mistake of fact, or other inadvertence. This case concerns a challenge to classification, which resulted from an error in the construction of the applicable law.

*Degussa Canada Ltd.,* 889 F.Supp. at 1547.

### II.

A Customs classification decision is final unless a protest thereof is filed within ninety days. 19 U.S.C. § 1514(a); *see generally United States v. Utex Int'l Inc.,* 857 F.2d 1408, 6 Fed. Cir. (T) 166 (1988). There is a narrow exception to this rule in § 1520(c), which provides:

> Notwithstanding a valid protest was not filed, the appropriate customs officer may,

in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction. . . .

19 U.S.C. § 1520(c) (1988).

In its appeal here, Degussa relies solely on the "mistake of fact" element of the foregoing provision.

The only factual basis in Degussa's Court of International Trade complaint for its contention that the liquidation of the Detroit entries involved a "mistake of fact" was the assertion in paragraph 8 that "[t]he Detroit District Director was unaware at the times the Detroit entries were liquidated that the 416 AFR [Buffalo Protest and Application For Further Review No. 0901-0-00416] was pending before Customs Headquarters." Although the complaint also alleged that the Detroit district director's "lack of knowledge . . . that the 416 AFR was pending before Customs Headquarters constituted a mistake of fact . . . within the meaning of 19 U.S.C. § 1520(c)" (Par. 9) and that "due to . . . mistake of fact . . . the Detroit entries were liquidated under subheading 8708.99, HTSUS" (Par. 18), those allegations track the language of the statute and therefore are conclusions of law that the court need not accept. *See Fabrene, Inc. v. United States*, 17 C.I.T. 911, 913 (1993).

Degussa contends that, in holding that the complaint failed to state a claim on which relief could be granted, the Court of International Trade failed to accept as true the complaint's factual allegations. To the contrary, the court concluded that, even accepting the factual allegations, Degussa had not stated a valid claim. As the court stated in its conclusion: "Plaintiff has failed to allege sufficient facts to establish that the alleged error in classification resulted from a clerical error, mistake of fact, or other inadvertence by Customs as contemplated by 19 U.S.C. § 1520(c)(1)." *Degussa Canada Ltd.*, 889 F.Supp. at 1547. As the case comes to us, the facts are undisputed and the only question is the legal issue whether the Detroit district director's unawareness of the pending appeal of the Buffalo classification constituted a "mistake of fact . . . in [the] liquidation" of the Detroit entries. We agree with the Court of International Trade that it did not.

Degussa does not contend that when the district director made his classification determination, he acted in the belief that there was no pending review by the Commissioner of the Buffalo classification. Indeed, there is no reason to think that the district director was even aware of the Buffalo ruling, much less of its appellate status. The fact that, if the Detroit director had been aware of the Buffalo review, he might have deferred his classification decision, does not mean that that decision involved a "mistake in fact . . . in [the] liquidation."

The present case thus is distinguishable from *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 336 F.Supp. 1395 (Cust.Ct.1972), *aff'd*, 61 C.C.P.A. 90, 499 F.2d 1277 (CCPA 1974), upon which Degussa relies. There the imported merchandise was liquidated as fuel cells subject to a nine percent duty. Neither the importer nor the district director was aware at the time that the merchandise constituted emergency defense material that could have been imported duty free. Upon discovering the fact, the importer sought reliquidation under § 1520(c)(1), on the ground that there had been a mistake of fact or inadvertence. In holding that reliquidation was proper, the Court of Customs and Patent Appeals stated:

There was a mistake of fact in that appellee did not know that the fuel cells were emergency war material under a Government contract, the fact being that they were. There was, therefore, no reason to protest. There is no allegation of any error in the construction of a law by anyone. It is a simple matter of being allowed to present the evidence to show that the fuel cells were all along entitled to free

**1304**

entry, although knowledge of that fact was acquired after liquidation of the entries has taken place. The facts were mistaken at the time.

*United States v. C.J. Tower & Sons of Buffalo, Inc.,* 499 F.2d at 1282.

In the present case, however, there was no factual misapprehension about the nature of the imported merchandise. The only misapprehension was about the proper classification of merchandise and that, as the Court of International Trade correctly pointed out, is a question of law, not a fact. Degussa does not contend that, if the Detroit district director had been aware of the pending Buffalo appeal, he would have classified the Detroit merchandise differently. It contends only that the district director would have deferred the classification until the Commissioner had decided the Buffalo case. It is impossible to state what the district director in Detroit would have done if faced with that situation. In any event, Degussa's complaint relates not to the factual basis upon which the Detroit district director based his classification decision, but on the timing of that action.

A "mistake of fact . . . in [the] liquidation" is a factual error that, if the correct fact had been known, would have resulted in a different classification. In the present case, the Detroit district director's unawareness of the Buffalo proceeding was not such an error.

Degussa's unfortunate situation of having paid a duty that, it subsequently turned out, it should not have paid, is of its own making. Degussa could have avoided the problem if it had filed a timely protest to the Detroit classification and, if that protest were denied (as it presumably would have been), either sought review by the Commissioner (as it did with respect to the Buffalo classification) or filed a timely suit challenging the classification in the Court of International Trade.

"Section 1520(c)(1) does not afford a second bite at the apple to importers who fail to challenge Customs' decision within the 90–day period set forth under § 1514." *ITT Corp. v. United States,* 24 F.3d 1384, 1387 n. 4 (Fed.Cir.1994). The purpose of section 1520(c)(1) was to allow for "the correction of errors and mistakes of the importers or the Customs Service . . . which cannot be cor-

rected under existing law." *C.J. Tower & Sons of Buffalo, Inc.,* 336 F.Supp. at 1399 (citation omitted). In the present case, the classification error could and should have been corrected under the existing law governing the protest procedure.

Since the allegations in Degussa's complaint did not establish that there had been a "mistake of fact in [the] liquidation" of the Detroit entries, the Court of International Trade correctly dismissed the complaint for failure to state a claim upon which relief could be granted.

### CONCLUSION

The judgment of the Court of International Trade is

AFFIRMED.