Slip Op. 06- 111

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
RICHARD L. JONES CALEXICO, INC.,        :
d/b/a R.L. JONES CUSTOMS HOUSE BROKERS, :
                                        :
     Plaintiff,                         :
                                        :
                                        :   Court No.
     v.                                 :   04-00315
                                        :
UNITED STATES,                          :
                                        :
     Defendant.                         :
                                        :
_____:

[Held:   Plaintiff's   Motion   for   Summary   Judgment granted.
Judgment for the Plaintiff entered.]

     Betts, Patterson & Mines, P.S. (Steven W. Block) for Richard
L. Jones Calexico, Inc., d/b/a R.L. Jones Customs House Brokers,
Plaintiff.

     Peter D. Keisler, Assistant Attorney General; Barbara S.
Williams, Attorney-in-Charge; International Trade Field Office,
Commercial Litigation Branch, Civil Division, United States
Department of Justice (Mikki Graves Walser); of counsel: Sheryl A.
French, Office of the Assistant Chief Counsel for International
Trade Litigation, Bureau of Customs and Border Protection, for
United States, Defendant.

                                        Dated: July 25, 2006


                              **OPINION**


     **Tsoucalas, Senior Judge**:  Plaintiff, Richard L. Jones Calexico,

Inc., d/b/a R.L. Jones Customs House Brokers ("Calexico") moves

pursuant to USCIT R. 56 for summary judgment on the ground that

there is no genuine issue as to any material facts.  Calexico

argues that its claims for direct identification unused merchandise

drawback with respect to certain asparagus from various origins should be granted.  The Bureau of Customs and Border Protection ("Customs") argues that Calexico's drawback claims were properly denied and seeks an order dismissing the case.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581 (2000) and 19 U.S.C. § 1514(a)(6) (2000).

## STANDARD OF REVIEW

On a motion for summary judgment, the Court must determine whether there are any genuine issues of fact that are material to the resolution of the action.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is genuine if it might affect the outcome of the suit under the governing law.  See id. Accordingly, the Court may not decide or try factual issues upon a motion for summary judgment.  See Phone-Mate, Inc. v. United States, 12 CIT 575, 577, 690 F. Supp. 1048, 1050 (1988).  When genuine issues of material fact are not in dispute, summary judgment is appropriate if a moving party is entitled to judgment as a matter of law.  See USCIT R. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**DISCUSSION**

**I. Factual Background**

Calexico is a licensed customs broker for Spencer Fruit Company ("Spencer Fruit"), an importer-exporter of asparagus. See Pl.'s Statement Material Facts Supp. Pl.'s Mot. Summ. J. ("Calexico's Facts") ¶ 1. In late 1995, Customs approved Spencer Fruit's application for use of summary procedure and accelerated payment for unused drawback. See Decl. Earl Roberts Supp. Pl.'s Mot. Summ. J. ("Roberts Decl."), Ex. 1 at 6-7. Customs' approval included both substitution and direct identification drawback. See Roberts Decl., Ex. 1 at 6-8. Accelerated payment allows for the payment of estimated drawback before liquidation of the drawback entry. See 19 C.F.R. § 191.92(a) (1998). The use of summary procedure waives the "prior notice of intent to export" requirement to claim drawback. See 19 C.F.R. § 191.91(a); Roberts Decl., Ex. 1 at 8 ("It is the opinion of [Customs] that 'prior notice of intent to export' is not necessary with the approval of Exporter Summary Procedure.").

Spencer Fruit timely filed to renew its existing privileges for direct identification and substitution drawback by April 5, 1999. See Roberts Decl., Ex. 2 at 10-15; Def.'s Mem. Supp. Its Opp'n Pl.'s Mot. Summ. J. ("Customs' Mem.") at 11. On May 26, 2000, Customs initially denied Spencer Fruit's application stating

it had not receive evidence of product commercial interchangeability or sample export documentation. See Roberts Decl., Ex. 3 at 17; Def.'s Resp. Pl.'s R.56(I) Statement Material Facts Not Dispute ("Customs' Facts") ¶ 5. Customs later approved Spencer Fruit's modified application for substitution drawback on May 15, 2001. See Roberts Decl., Ex. 4 at 19.

On January 10, September 14 and May 30, 2000, Calexico, on behalf of Spencer Fruit, submitted the three direct identification unused merchandise drawback claims at issue to Customs.[1] See Roberts Decl., Ex. 6 at 25-27. The drawback claims involved merchandise exported between January 4, 1999, and March 23, 2000. See Roberts Decl., Ex. 6. Spencer Fruit's original drawback application, filed by Calexico, requested $222,676.79, which Calexico reduced to $166,713.89 in its complaint. See Calexico's Facts ¶ 9. Customs denied all three drawback claims on July 31, 2002. See Roberts Decl., Ex. 9 at 247-49; Customs' Facts ¶ 23. Customs stated that the reason for denial of drawback was because the "[c]laimant does not have privilege approval for direct identification unused drawback merchandise exported under 19 U.S.C. 1313(j)(1) – (entry type 42)." Roberts Decl., Ex. 9 at 247.

---

[1]    Drawback claim entry # 218-2027705-7 was filed on January 10, 2000; claim entry # 218-2038702-1 was filed on May 30, 2000; and claim entry # 218-2041845-3 was filed on September 14, 2000. See Roberts Decl., Ex. 6.

Customs' internal computer records dated July 31, 2002, also indicates that entry # 218-2038702-1 was denied because the "claimant does not have privilege approval for direct identification unused drawback merchandise." Decl. Steven W. Block Supp. Pl.'s Mot. Summ. J. ("Block Decl."), Ex. 1 at 3. In an informal correspondence by fax thereafter dated August 21, 2002, Customs further stated that drawback entries 218-2027705-7 and 218-2041845-3 were denied, among other reasons, because "[n]o Waiver of Prior Notice provided for exports after 4/6/99, when old privileges for entry type 42/j(1) expired." Roberts Decl., Ex. 10 at 252. Customs liquidated the entries without the benefit of drawback on August 16, 2002. See Calexico's Facts ¶ 31; Customs' Facts ¶ 31. Calexico filed a protest ninety-one days later, which Customs denied as untimely. See id. ¶ 32; Customs' Facts ¶ 32. This action followed.

## II. Statutory Background

Under section 1313(j) of Title 19 of the Unites States Code, Customs will fully repay, less one percent, the amount of duties paid upon goods previously imported into the United States and either 1) was not used within the United States or 2) was "commercially interchangeable" with the imported merchandise, before being subsequently exported or destroyed. See 19 U.S.C. § 1313(j) (2000). Known as unused merchandise drawback, or simply

drawback, it can be obtained as "direct identification" drawback when sought under 19 U.S.C. § 1313(j)(1) because the same imported merchandise is exported or destroyed or as "substitution" drawback under 19 U.S.C. § 1313(j)(2) because the exported merchandise is commercially interchangeable with the imported merchandise. See 19 U.S.C. § 1313(j).  The exportation date of the underlying merchandise governs the drawback claim because it is the operative date upon which the claim accrues.  See, e.g., 19 U.S.C. § 1313(r)(1) (three year window following the date of exportation to file a drawback claim); 19 C.F.R. § 191.31(b) (drawback allowed if exportation occurs within three years after importation).

On April 6, 1998, new regulations formalizing waiver of prior notice to export and accelerated payment of drawback claims (collectively, "drawback privileges" or "privileges") came into effect. See 19 C.F.R. §§ 191.91-191.93 (1998).  Under the new 1998 regulations, companies seeking to continue their waiver privileges had one year to apply for continued privileges. See 19 C.F.R. §§ 191.91(a)(2) & 191.92(a)(2).  Companies that filed within the one year deadline "may continue to operate under its existing waiver of prior notice until Customs approves or denies the application . . .".  19 C.F.R. §§ 191.91(a)(2) & 191.92(a)(2).  If the waiver application is denied, Customs will give the company "written notice, specifying the grounds" of denial "together with what

corrective action may be taken . . .".  19 C.F.R. §§ 191.91(c)(3) & 191.92(e)(4).

If Customs refuses to pay a claim for drawback, a company may protest the decision within ninety days before the liquidated entry without the benefit of drawback becomes final and conclusive upon all parties.  See 19 U.S.C. § 1514(a)(6).  "Notwithstanding a valid protest was not filed," however, Customs may correct a

> (1) clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in electronic transmission, not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the Customs Service within one year after the date of liquidation or exaction . . .

19 U.S.C. § 1520(c)(1).[2]  Customs' regulations "essentially [do] no more than paraphrase 19 U.S.C. § 1520(c)(1)," Chrysler Corp. v. United States, 24 CIT 75, 80 n.4, 87 F. Supp. 2d 1339, 1345 n.4 (2000), and reiterates that correction pursuant to 19 U.S.C. § 1520(c) may be made in "any entry, liquidation, or other Customs transaction . . .".  19 C.F.R. § 173.4(b) (1998).

---

[2]    19 U.S.C. § 1520(c) was repealed in 2004, see 108 P.L. 429 § 2105, 118 Stat. 2434, 2598 (Dec. 3, 2004), but is in effect for all times relevant to this case.

## III. Contentions of the Parties

### A.  Calexico's Contentions

Calexico argues that summary judgment is proper because the testimony and record evidence demonstrates that Customs' denial of Spencer Fruit's drawback claims was due to a mistake of fact regarding Spencer Fruit's privileges.  <u>See</u> Mem. Supp. Pl.'s Mot. Summ. J. ("Calexico's Mem.") at 19.  Calexico asserts that Customs denied Spencer Fruit's drawback claims solely because Customs understood that the "claimant does not have privilege approval for direct identification."  <u>See</u> Calexico's Mem. at 20.  Calexico argues, however, that Spencer Fruit had an effective waiver of prior notice for direct identification at the time the underlying merchandise of the drawback claims were exported.  <u>See</u> <u>id.</u> at 20-21.  Furthermore, Spencer Fruit continued to have direct identification privileges until May 26, 2000, when the renewal application was denied.  <u>See</u> <u>id.</u>  Calexico reasons that Customs' denial "could not have been made based upon complete knowledge of the facts because the Customs computer record was incorrect" and the Customs official handling the claims did not have a prior relationship with Spencer Fruit and was not familiar with Spencer Fruit's privilege application file.  <u>See</u> <u>id.</u> at 21.  Accordingly, Calexico reasons that Customs' decision was based on a mistaken belief of Spencer Fruit's privileges and thus relief under 19 U.S.C. § 1520(c) is appropriate.  <u>See</u> <u>id.</u>

Calexico also argues that Customs' contention that other issues existed with Spencer Fruit's denied claims is without merit. See Calexico's Mem. at 21. Calexico asserts that during the relevant period, Customs' only reason for denying Spencer Fruit's claims was the purported lack of privileges for direct identification drawback. See id. Moreover, the other reasons Customs cites in support of its denial are not applicable to the majority of Spencer Fruit's claims. See id. at 22. At most, Calexico argues that the other reasons are also mistakes of fact or clerical errors committed by Customs and thus, also correctable under 19 U.S.C. § 1520(c). See Customs' Mem. at 22. Finally, Calexico asserts that the language in 19 U.S.C. § 1520(c) speaks broadly, encompassing both drawback claims and non-importers. See Reply Mem. Further Supp. Pl.'s Mot. Summ. J. ("Calexico's Reply") at 10-12.

## B. Customs' Contentions

Customs responds that its denial of Calexico's "section 1520(c) claim was proper." Customs' Mem. at 3. Customs argues that Calexico does not satisfy the statutory requirements to seek relief under 19 U.S.C. § 1520(c). See id. at 7. Specifically, Customs asserts that Calexico has not demonstrated how the denied drawback claims are adverse to the importer, Spencer Fruit. See id. Furthermore, Customs argues that the "adverse to the importer"

language in 19 U.S.C. § 1520(c) is unambiguous because in drawback claims, "any error would be adverse to the drawback claimant or exporter, not an 'importer.'" Id. Customs contends, however, that if the Court determines the phrase is ambiguous, then its interpretation of "adverse to the importer" should be entitled to deference. See id. at 7. Customs also asserts that the legislative history indicates that 19 U.S.C. § 1520(c) was only intended to benefit importers and not apply to drawback entries. See id. at 8.

Customs argues, alternatively, that even if 19 U.S.C. § 1520(c) applies to drawback claims, Calexico has not demonstrated here that the drawback claims were denied because of a mistake of fact. See Customs' Mem. at 9. Customs also states that Calexico failed to make any mistake of fact known to Customs within the one year time frame allotted by the statute. See id. Customs asserts that Calexico claims that the December, 1995, and April, 1996, letters from Customs' Houston office represent a waiver of prior notice. See id. at 10. Therefore, Customs' Los Angeles office handling the drawback claims would have honored the waiver of prior notice had it been aware of the Houston office's actions. See id. Customs argues that Calexico's evidence fails to establish that Customs' Los Angeles office "was not aware of the Houston Port's extension of privileges at the time it denied the drawback claims

here." See id. Customs claims that Calexico never directly confronted it with the Houston privileges letters before the pending motion. See id. at 10-11. Rather, Customs argues that its Los Angeles office was aware of and honoring Spencer Fruit's Houston privileges to exportations occurring before April 6, 1999. See id. at 11. Customs agrees that it initially denied Spencer Fruit's application for substitution and direct identification drawback privileges in May, 2000. See id. Customs also agrees that after resubmissions by Spencer Fruit, it approved the application for substitution drawback privileges only. See id. at 12. Customs states that when it denied Spencer Fruit's reapplication in May 2000, it "considered that the waiver of prior notice of intent to export privilege expired as of April 6, 1999." Id. Thus, Customs argues that whether or not the privileges expired on April 6 is legally correct, there was no factual mistake made by Customs in denying Spencer Fruit's drawback claims.[3] Id. Customs asserts that its Los Angeles office did not err regarding its knowledge of Spencer Fruit's drawback claim, or that if it did err, the error was one of law, not fact. See id. Furthermore,

---

[3]    Customs acknowledges that of the three drawback claims at issue, entry claim # 218-2038702-1 did not involve any exportations after April 6, 1999 and entry claim # 218-2027705-7 involved one post-April 6, 1999 exportation. See Customs' Mem. at 12. Thus, Customs' rationale that the direct identification privileges does not apply to exports made after April 6, 1999, only applies to drawback entry claim # 218-2041845-3 and a small fraction of the # 218-2027705-7 entry. See id.

Customs argues that Calexico has failed to demonstrate that "Spencer would have been allowed drawback but for the failure to accord the Houston privileges" to the drawback claims filed in Los Angeles. Id. at 13.

Finally, Customs argues that even if Calexico can demonstrate a mistake of fact correctable under 19 U.S.C. § 1520(c), it is still not entitled to drawback. See Customs' Mem. at 14. Customs contends that it denied Spencer Fruit's drawback claims because multiple errors existed with the claims and not only due to the lack of waiver of prior notice as Calexico suggests. See id. at 18-20. Among the errors, Customs argues that Calexico failed to produce the proper documentation to prove exportation, which is reason enough for denying a drawback claim irregardless of whether or not Spencer Fruit had a valid waiver of prior notice. See id. at 17-19. Customs stresses that drawback privileges do not grant a "carte blanche guaranteeing that a drawback claim will be allowed. In particular, a claimant must still prove exportation. In this regard, [Calexico's] proof continues to be deficient." Id. at 20. Finally, Customs asserts that 19 U.S.C. § 1313(r)(2) does not apply here because the claims were insufficient to satisfy the requirements for substitution. See id. at 17.

**IV.    Customs Improperly Denied Spencer Fruit's Direct Identification Unused Merchandise Drawback Claims**

The Court finds that Spencer Fruit's direct identification unused merchandise drawback claims filed by Calexico were improperly denied by Customs.

**A.  Drawback Claims Are Entries Within the Scope of 19 U.S.C. § 1520(c)**

Customs raises the initial argument that 19 U.S.C. § 1520(c) does not apply to drawback.  See Customs' Mem. at 4.  The Court finds that Customs has misinterpreted the statute and that 19 U.S.C. § 1520(c) does apply to drawback claims.

19 U.S.C. § 1520(c) clearly states that Customs may reliquidate "any entry, liquidation, or other customs transaction" to correct "a clerical error, mistake of fact, or other inadvertence."  19 U.S.C. § 1520(c)(1) (emphasis added); see also Computime, Inc. v. United States, 9 CIT 553, 555, 622 F. Supp. 1083, 1084 (1985) (The statute "is designed to permit Customs to correct mistakes of fact or inadvertence which have caused an error in liquidation.").  When the "language of a statute is clear, its plain meaning governs interpretation of the statute."  United States v. Hanover Ins. Co., 18 CIT 991, 993, 869 F. Supp. 950, 952 (1994).  The plain language of 19 U.S.C. § 1520(c) does not exclude drawback claims from the entries, liquidations or other customs

transactions able to be corrected. Rather, the plain language is very expansive in its scope with the use of the word "any" as a modifier. Furthermore, the purpose of 19 U.S.C. § 1520(c) is to be a means "for refunding money erroneously collected suggest[ing] that it should be interpreted liberally." G & R Produce Co., v. United States, 381 F.3d 1328, 1332 (Fed. Cir. 2004) (emphasis added). Therefore, drawback claims are included within the scope of 19 U.S.C. § 1520(c)(1) because it is "any entry, liquidation, or other customs transaction." 19 U.S.C. § 1520(c)(1); see also C. Itoh & Co. (America), Inc. v. United States, 5 CIT 45 (1983) (holding importer untimely sought reliquidation under 19 U.S.C. § 1520(c) in a drawback action).

Furthermore, 19 U.S.C. § 1520(c)(1) does not specify by whom reliquidation may be sought. The statute merely states that the clerical error, mistake of fact or other inadvertence, among other things, must be "adverse to the importer." 19 U.S.C. § 1520(c)(1). Customs argues that Calexico cannot seek remedy under 19 U.S.C. § 1520(c) because Calexico is a customs broker and not the importer, Spencer Fruit. See Customs' Mem. at 7. Customs also argues that Calexico has not demonstrated how the denied drawback claims are adverse to Spencer Fruit. See id. Again, the plain language of the statute does not state that only importers can seek remedy under 19 U.S.C. § 1520(c)(1), but that the error must be adverse to

the importer. See 19 U.S.C. § 1520(c)(1). Licensed customs brokers are agents of their importer-exporter customer. See United States v. Fed. Ins. Co., 805 F.2d 1012, 1013 (Fed. Cir. 1986). As such, customs brokers are permitted to file an action involving the refusal to pay a claim for drawback on behalf of their customer and be properly heard before the Court. See 28 U.S.C. §§ 1581 & 2631(a). Therefore, Calexico need not be the actual importer when it is acting as an agent of the importer in the present action. Moreover, here, Spencer Fruit is the importer for all and the exporter for much of the underlying merchandise. See Calexico's Facts ¶¶ 1 & 12; Customs' Facts ¶ 1; Roberts Decl., Ex. 6. Therefore, even under the narrowest interpretations of 19 U.S.C. § 1520(c)(1), Spencer Fruit as the importer and drawback claimant here is adversely affected by Customs' denial of its three drawback claims.

While Calexico, as Spencer Fruit's customs broker, can seek recourse under 19 U.S.C. § 1520(c) here, Calexico urges the Court to hold an expansive definition of "importer" as used in 19 U.S.C. § 1520(c). See Calexico's Reply at 10. The Court notes that in construing an act of Congress, it is "fundamental that a section of a statute should not be read in isolation from the context of the whole Act." NTN Bearing Corp. of Am. v. United States, 26 CIT 53, 102-03, 186 F. Supp. 2d 1257, 1303 (2002) (citations omitted).

Rather, "each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole . . .." Id. (citing In re Nantucket, Inc., 677 F.2d 95, 98 (C.C.P.A. 1982)). The Tariff Act of 1930, read as a whole, supports the ability of drawback claimants, whether they are also the importer, exporter, destroyer or any intermediate party, see 19 U.S.C. § 1313(j), to seek reliquidation under 19 U.S.C. § 1520(c). Under 19 U.S.C. § 1313(j), the exporter has the right to claim drawback but can assign that right to other parties. See 19 U.S.C. § 1313(j). With that assignment comes all the rights that were available to the exporter. See, e.g., Sicom Sys. Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed. Cir. 2005) (interpreting statutorily permissible assignment in a patent case). Drawback claimants protesting Customs' refusal to pay drawback can file a protest under 19 U.S.C. § 1514. See 19 U.S.C. § 1514(a). 19 U.S.C. § 1520(c), then, clearly states that "[n]otwithstanding a valid protest was not filed," indicating that it is a separate but related recourse to a negative Customs decision. See generally, Chrysler Corp., 24 CIT at 84-86 87 F. Supp. 2d at 1348-49. Accordingly, a valid protest recognized under 19 U.S.C. § 1514 includes denied drawback claims, also indicating that notwithstanding whether a valid protest was filed, an error in the denied claim could be correctable under 19 U.S.C. § 1520(c).

**B.  Customs Denied Spencer Fruit's Drawback Claims Relying On a Mistake of Fact**

Again, 19 U.S.C. § 1520(c) allows for reliquidation of an entry to correct either "a clerical error, mistake of fact, or other inadvertence."  19 U.S.C. § 1520(c)(1).  "[T]he purpose of section 1520(c)(1) as a means for refunding money erroneously collected suggests that it should be interpreted liberally."  G & R Produce Co., 381 F.3d at 1332-33.  To obtain reliquidation under 19 U.S.C. § 1520(c)(1), Calexico is required to prove that the error is a clerical error, a mistake of fact or an other inadvertence.  See 19 U.S.C. § 1520(c)(1).  A mistake of fact occurs when either "(1) the facts exist, but are unknown, or (2) the facts do not exist as they are believed to."  G & R Produce Co., 381 F.3d at 1331 (citing Hambro Auto. Corp. v. United States, 66 C.C.P.A. 113, 119, 603 F.2d 850, 855 (C.C.P.A. 1979)).  Also, Calexico must show that the error does not "amount to a misconstruction of the law."  Id. at 1332.  An error in the construction of the law occurs when "the facts are known, but the legal significance of those facts" are not appreciated.  Id. Finally, a correctable error can be committed by either the drawback claimant or Customs. See id.

Here, the Court finds that Customs improperly denied Spencer Fruit's direct identification unused merchandise drawback claims under the mistaken belief that Spencer Fruit did not have direct

identification privileges.  Customs approved Spencer Fruit for both direct identification and substitution privileges in late 1995. See Roberts Decl., Ex. 1.  Spencer Fruit continued to have both privileges until they ceased on May 26, 2000, when Customs denied Spencer Fruit's renewal application.  See 19 C.F.R. § 191.91(a)(2) (A claimant "may continue to operate under its existing [privileges] until Customs approves or denies the application" for continued privileges.); Roberts Decl., Ex. 3.  Therefore, when the underlying merchandise of the subject drawback claims was exported, between January 4, 1999, and March 23, 2000, Spencer Fruit had privileges for direct identification drawback in place.  See Roberts Decl., Ex. 6.

Customs has stated multiple times that it denied the drawback claims because "[c]laimant does not have privilege approval for direct identification unused drawback merchandise exported under 19 U.S.C. 1313(j)(1) – (entry type 42)."  Roberts Declaration, Ex. 9 at 247; see also Block Decl., Ex. 1; Roberts Decl., Ex. 10. Moreover, Customs employee, Ms. Marilyn Sokolow, who handled Spencer Fruit's drawback claims, stated that she believed that Spencer Fruit only had privileges for substitution and not direct identification drawback.  See Sokolow Dep., Block Decl., Ex. 3 at 19-20.  The fact that Customs was operating under the belief that Spencer Fruit did not have direct identification privileges when

the underlying merchandise was exported simply did not exist as Customs believed. Since this mistaken belief is the singular reason given for denying Spencer Fruit's drawback claims, Customs was operating under a mistake of fact. See G & R Produce Co., 381 F.3d at 1331. Customs argues that the Los Angeles port, where the drawback claims were filed, "was not aware of the Houston Port's extension of privileges at the time it denied the drawback claims here." Customs' Mem. at 10. The Houston Port granted the original privileges in 1995. See Roberts Decl., Ex. 1. Then under the facts as Customs has argued, it was operating without knowing all the facts when it denied the drawback claims, which is also a mistake of fact. See G & R Produce Co., 381 F.3d at 1331. Customs also asserts that the absence of direct identification privileges is not the only reason for denying the drawback claims. See Customs' Mem. at 18. Customs' decision, communicated in a formal notice of denial letter dated July 31, 2002, however, states as the singular reason of denial that the claimant does not have privileges. See Roberts Decl., Ex. 9 at 247. The issue before the Court is not to determine whether other lapses with Spencer Fruit's drawback claims existed that may also have merited denial. Rather, the Court is to determine whether Customs, based on the evidence before it at the time, made its decision relying on mistaken facts. Customs had listed multiple reasons for denying drawback claims in other previous communications to Calexico, whether minor or not.

See, e.g., Roberts Decl., Ex. 7 at 220. Therefore, the Court is unpersuaded by attempts to now claim that other reasons were included when denying the drawback claims at issue when only one reason was stated. Based on the record evidence, Customs denied Spencer Fruit's drawback claims either without complete knowledge of Spencer Fruit's privileges or understood Spencer Fruit's privileges to be other than what they were, both qualifying as mistakes of fact correctable under 19 U.S.C. § 1520(c)(1). Furthermore, Customs' error is not a mistake of law. A mistake of law "occurs when the facts are known, but the legal significance of those facts is not appreciated." G & R Produce Co., 381 F.3d at 1332. As aforementioned, Customs denied Spencer Fruit's drawback claims believing Spencer Fruit's privileges to be other than what they were or without complete knowledge of the facts. Therefore, Customs' mistake is one of fact, not of law.

## CONCLUSION

The Court finds that clerical errors, mistakes of fact or other inadvertencies in drawback claims are correctable under 19 U.S.C. § 1520(c)(1). The Court also finds that Customs denied Spencer Fruit's direct identification unused merchandise drawback claims under a mistaken belief of Spencer Fruit's privileges. Accordingly, the Court concludes that Spencer Fruit's drawback

claims should have been granted.  The Court is unpersuaded by all other arguments.  Calexico's motion for summary judgment is granted.  Judgement will be entered accordingly.


                                        /s/ Nicholas Tsoucalas
                                        NICHOLAS TSOUCALAS
                                        SENIOR JUDGE


Dated: July 25, 2006
       New York, New York