**FUJITSU COMPOUND SEMICON-DUCTOR, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–1293.

United States Court of Appeals, Federal Circuit.

DECIDED: March 26, 2004.

Michael K. Tomenga, Neville, Peterson LLP, of Washington, DC, argued for plaintiff-appellant. With him on the brief was George W. Thompson.

Barbara S. Williams, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, International Trade Field Office, of New York, NY, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, International Trade Field Office, of New York, NY.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The Court of International Trade affirmed the denial by the United States Customs Service of the request by Fujitsu Compound Semiconductor, Inc. for reliquidation of certain importations by Fujitsu of laser diode modules.[1] In Customs Headquarters Ruling Letters No. HQ 088724 and HQ 088754 of June 2, 1992, the Customs Service granted a protest filed by Toshiba, and reclassified Toshiba's laser diode modules under Subheading 8541.40.20 at a lower duty rate; Fujitsu seeks reliquidation and reclassification at the lower rate. The Court of International Trade held that reliquidation is not available on the facts of this case. The decision is affirmed.

---

1. *Fujitsu Compound Semiconductor, Inc. v. United States,* 246 F.Supp.2d 1334 (Ct. Int'l Trade 2003).

## BACKGROUND

Laser diode modules are gallium arsenide semiconductor devices that emit laser light, and are used in telecommunication systems to transmit signals across fiber optic cable. This appeal concerns thirty-nine entries of laser diode modules by Fujitsu between October 18, 1991 and February 5, 1992. These entries were classified in accordance with Headquarters Ruling Letter No. HQ 088628 of August 28, 1991, as "Other ... photosensitive semiconductor devices" under Harmonized Tariff Schedule of the United States (HTSUS) subheading 8541.40.95, at a duty rate of 4.2 percent. Customs continued to classify and liquidate such modules under HQ 088628 through May 1992.

In the Toshiba protest Headquarters Ruling Letters of June 2, 1992, *supra,* Customs changed the classification of laser diode modules to HTSUS subheading 8541.40.20, at a duty rate of 2 percent. Thereafter Customs applied the new classification to Fujitsu entries that had not been liquidated at the time of the Toshiba ruling. The Fujitsu entries at issue on this appeal had been liquidated between April 10, 1992 and May 29, 1992, all before the Toshiba ruling. No protest was filed by Fujitsu within the protest period of ninety days after liquidation.

Fujitsu filed on January 20, 1993 a "Mistake of Fact Petition" under 19 U.S.C. § 1520(c)(1). Fujitsu stated that Customs had the obligation to reliquidate these entries because at the time of the Toshiba ruling the Fujitsu entries were still within the ninety-day protest period and therefore were not final, pursuant to 19 U.S.C. § 1514(a). Fujitsu stated that Customs committed a mistake of fact by failing sua sponte to reclassify and reliquidate these entries in light of the Toshiba ruling. The petition was denied, Customs relying on the fact that the liquidation was not protested within the requisite ninety days;

this decision was appealed to the Court of International Trade.

The Court of International Trade held that Customs was not required at its own initiative to reliquidate Fujitsu's entries, and that its failure to do so was not a "mistake of fact" correctable under 19 U.S.C. § 1520(c). The court observed that the date of liquidation for Fujitsu's entries was the date of posting of the bulletin board notices, and that the classification and duty were correct on the date of posting. The court held that Customs is not required, upon the issuance of a Headquarters Ruling Letter, to review entries liquidated within the previous ninety days in order to determine whether they would be affected by the ruling. The court held that this burden is on the importer, and that absent a timely protest the liquidation is not subject to adjustment.

## DISCUSSION

■ Plenary review is accorded to statutory and regulatory interpretation by the Customs Service, with deference as warranted in appropriate circumstances. As explained in *United States v. Haggar Apparel Co.,* 526 U.S. 380, 394, 119 S.Ct. 1392, 143 L.Ed.2d 480 (1999), when the Customs Service has officially and reasonably construed a statute or regulations whose provisions can reasonably be viewed as ambiguous in the application at issue, the agency's interpretation receives judicial deference, in accordance with *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The issues here on appeal concern the interpretation and application of statutes and regulations that are not facially ambiguous, and procedures and burdens of administrative practice. The government seeks, as a minimum, the deference set forth in *United States v. Mead,* 533 U.S. 218, 227, 121 S.Ct. 2164,

150 L.Ed.2d 292 (2001), wherein the Court explained, in the context of classification rulings, that deference to the agency's ruling is measured by "the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position" (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139–40, 65 S.Ct. 161, 89 L.Ed. 124 (1944)). The issue here, however, is that of interpretation of an unambiguous statute; a question of law, including the placement of the burdens of compliance with statute and regulation; these issues of procedural law receive plenary review on appeal.

■ Fujitsu relies upon statutory provisions that authorize reliquidation when no protest has been filed. 19 U.S.C. § 1501 authorizes the Customs Service to reliquidate entries "in any respect" during the ninety-day protest period, even if no protest has been filed:

19 U.S.C. § 1501 *Voluntary reliquidations by Customs Service*

A liquidation made in accordance with section 1500 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer....

Such a Customs-initiated reliquidation may be invoked under various sections of § 1500, including § 1520 whereby Customs may voluntarily reliquidate to correct errors, such as clerical errors, flawed application of the Explanatory Notes in a Customs Ruling, or liquidation undertaken with incorrect or inadequate factual support. *See ITT Corp. v. United States*, 24 F.3d 1384, 1387 (Fed.Cir.1994). In addition, 19 U.S.C. § 1520(c) authorizes the Customs Service to correct errors adverse to the importer if raised within one year, even if no protest had been filed. This provision refers to errors of fact in liquidation:

19 U.S.C. § 1520(c) *Reliquidation of entry or reconciliation*

Notwithstanding a valid protest was not filed, the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry or reconciliation to correct—

(1) a clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in electronic transmission, not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the Customs Service within one year after the date of liquidation or exaction....

Fujitsu states that the Customs Service's failure voluntarily to reliquidate these laser diode entries during the ninety-day period during which it could have done so under § 1501 was a mistake of fact or inadvertence, and that § 1520(c)(1) provides that this mistake is correctable if raised within one year. Customs' response is that the classification and duty were correct when posted, and that because application of the Toshiba ruling to previously liquidated entries of Fujitsu is not an obligation of the Customs Service, it was not a mistake of fact or inadvertence that Customs did not do so. The Court of International Trade held that it is not an obligation of the Customs Service to keep track of previously liquidated items in order to apply any reclassification ruling that is made during the ninety-day post-liquidation period. The court held that the burden is on the importer to watch for

changes in rulings during the ninety-day period after liquidation, and to request reliquidation accordingly.

Fujitsu argues that the issuance of a Headquarters Ruling Letter imposes upon the Customs Service the obligation to re-evaluate all entries liquidated during the previous ninety days. Fujitsu states that liquidation is "non-final" for ninety days, and therefore that Customs is not relieved of the obligation of correcting the classification during that period, in order to as-sure that the correct duty is levied. Fujit-su cites 19 C.F.R. § 177.9(a) as placing the burden on the Customs Service of applying ruling letters to non-final actions:

19 C.F.R. § 177.9(a) *Effect of ruling let-ters generally*

A ruling letter issued by the Customs Service under the provisions of this part represents the official position of the Customs Service with respect to the par-ticular transaction or issue described therein and is binding on all Customs Service personnel in accordance with the provisions of this section until modified or revoked. In the absence of a change of practice or other modification or revo-cation which affects the principle of the ruling set forth in the ruling letter, that principle may be cited as authority in the disposition of transactions involving the same circumstances. Generally, a ruling letter is effective on the date it is issued and may be applied to all entries which are unliquidated, or other transac-tions with respect to which the Customs Service has not taken final action on that date. . . .

Fujitsu states that this regulation requires that the ruling letter be applied to all entries that were not finally liquidated by the date of the letter, that is, all entries made within the ninety days before issu-ance of the letter. Fujitsu states that this obligation obtains whether or not a protest was filed within the ninety-day period.

The Court of International Trade did not read the regulation as ascribing non-finality to liquidation, for 19 U.S.C. § 1514 provides that Customs decisions including classification and liquidation are final "un-less a protest is filed" within ninety days:

19 U.S.C. § 1514. *Finality of decisions; return of papers*

(a) Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), and section 1520 of this title (relating to refunds and errors), decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—

\* \* \*

(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modi-fication thereof;

\* \* \*

■ (7) the refusal to reliquidate an entry under subsection (c) or (d) of section 1520 of this title;

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section.

The Court of International Trade agreed with the Customs Service that the burden is on the importer, not the Customs Ser-vice, to watch for applicable post-liqui-dation rulings and to file a timely protest in order to obtain the benefit of any such ruling, citing *ITT Corp. v. United States,* 24 F.3d 1384 (Fed.Cir.1994) and *Degussa Canada Ltd. v. United States,* 889 F.Supp. 1543 (Ct. Int'l Tr.1995). In *ITT* this court held that § 1520(c)(1) was unavailable to importers as a substitute to failure to file a § 1514 protest within the ninety-day peri-

od. 24 F.3d at 1387 n. 4 ("We emphasize that under no circumstances may the provisions of § 1520(c)(1) be employed to excuse the failure to satisfy the requirements of § 1514."). The Court of International Trade reinforced this point in *Degussa*, stating, "absent the limited exception [afforded by § 1520(c)(1)], unless a valid protest is filed within ninety days from the date of liquidation, the liquidation of certain imported merchandise becomes final and conclusive upon all persons." *Degussa*, 889 F.Supp. at 1545. The "limited exception" afforded by § 1520(c)(1) is a "clerical error, mistake of fact, or other inadvertence." However, "mistake of fact" does not comprehend the fact here asserted to be a mistake, *viz.* Customs' failure to reliquidate the entries at its own initiative, for we agree with the trial court that this burden is not upon the Customs Service.

Entitlement to reliquidation has not been shown.

*AFFIRMED.*