# United States Court of Appeals for the Federal Circuit

06-1068


BROTHER INTERNATIONAL CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Sandra Liss Friedman, Barnes, Richardson & Colburn, of New York, New York, argued for plaintiff-appellant. With her on the brief was Helena Dorothy Sullivan.

Bruce N. Stratvert, Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and Barbara S. Williams, Attorney in Charge, International Trade Field Office, United States Department of Justice, of New York, New York. Of counsel on the brief was Yelena Slepak, Attorney, Office of Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.


Appealed from: United States Court of International Trade

Judge Gregory W. Carman

# United States Court of Appeals for the Federal Circuit

06-1068

BROTHER INTERNATIONAL, CORP.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: September 18, 2006

_____

Before NEWMAN, SCHALL, and DYK, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

Brother International Corp. ("Brother") appeals the decision of the United States Court of International Trade in <u>Brother International Corp. v. United States</u>, 368 F. Supp. 2d 1345 (Ct. Int'l Trade 2005). In its decision, the Court of International Trade sustained the denial by the United States Customs Service, now organized as the United States Bureau of Customs and Border Protection ("Customs"), of two protests by Brother. In its protests, Brother sought relief under section 520 of the Tariff Act of 1930, 19 U.S.C. § 1520(c)(1), for a misclassification, based on an alleged mistake of fact, of goods previously entered into the United States by Brother. Section 1520(c)(1) allows the reliquidation of goods previously entered into the United States that were misclassified

based upon a mistake of fact. The court determined that Brother was not entitled to relief under section 1520(c)(1) because, although the misclassification at issue did arise from a mistake of fact, it also involved a mistake of law. We hold, however, that the court erred in its determination that the misclassification of Brother's goods involved a mistake of law, as well as a mistake of fact. We therefore reverse the Court of International Trade's decision and remand the case to the court for a further remand to Customs, so that Customs may reliquidate the goods at the correct duty and refund to Brother the excess duties previously paid as a result of the misclassification.

BACKGROUND

I.

When an importer imports merchandise into the United States, it makes an "entry" by filing documentation with Customs, which allows Customs to assess the duties due on the merchandise. See 19 U.S.C. § 1484 (2000). At the time of entry, the importer must deposit the estimated duties with Customs. See id. § 1505(a). Customs later reviews the entry and makes its determination about whether the amount of duty deposited is correct—that is, Customs "liquidates" the entry. See 19 C.F.R. §§ 159.0-.12 (2006). Liquidation of an entry is "final and conclusive . . . unless a protest is filed . . . or unless a civil action contesting the denial of a protest . . . is commenced in the United States Court of International Trade. . . ." 19 U.S.C. § 1514(a) (2000). Entries that are not liquidated within one year of entry are "deemed liquidated," unless one of several exceptions applies. See id. § 1504(a), (b).

Once an entry has been liquidated, an importer may lodge a protest with Customs. See 19 U.S.C. § 1515 (2000). If Customs denies a protest, an importer may

appeal to the Court of International Trade.  See id.; 19 C.F.R. § 174.31 (2006).

However, even if a valid protest is not filed, pursuant to 19 U.S.C. § 1520(c)(1),[1]

Customs may reliquidate an entry to correct a mistake of fact.  See 19 U.S.C.

§ 1520(c)(1) (2000).  Section 1520(c)(1) provides in relevant part as follows:

> (c)  Reliquidation of entry . . . .
> Notwithstanding a valid protest was not filed the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry . . .  to correct –
> (1)  a . . . mistake of fact . . . not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in an entry, liquidation, or other customs transaction, when the . . . mistake . . . is brought to the attention of the Customs Service within one year after the date of the liquidation or exaction. . . .

Id.

This court has recognized that a mistake of fact under 19 U.S.C. § 1520(c)(1)

occurs when a person misunderstands the facts:

> A mistake of fact is any mistake except a mistake of law.  It has been defined as a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist.  A mistake of fact exists where a person understands the facts to be other than they are, whereas a mistake of law exists where a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts.

Ford Motor Co. v. United States, 157 F.3d 849, 859 (Fed. Cir. 1998) (citing Hambro

Auto. Corp. v. United States, 603 F.2d 850, 853-54 (CCPA 1979)); see also Executone

Info. Sys. v. United States, 96 F.3d 1383, 1386 (Fed. Cir. 1996).  In G & R Produce Co.

v. United States, we recognized that a mistake of fact that results in a misapprehension

---

[1]  Section 1520(c)(1) was repealed on December 3, 2004.  Pub. L. No. 108-429, § 2105, 118 Stat. 2598 (2004); see also 19 U.S.C.A. § 1520 (West 2005).  This case involves events that occurred in 1997, prior to the statute's repeal.  When referring to the statute, we speak in the present tense.

of a classification does not amount to a mistake in law. 381 F.3d 1328, 1333 (Fed. Cir. 2004) ("This mistake of fact does not amount to an error in the construction of a law because it resulted in the misapprehension of subheading 0805.30.40, HTSUS, and the erroneous classification of Persian limes. If that were the case, section 1520(c)(1) would be meaningless because all mistakes of fact covered by section 1520(c)(1) result in an erroneous liquidation."); see also Degussa Can. Ltd. v. United States, 87 F.3d 1301, 1304 (Fed. Cir. 1996) (stating that a mistake of fact "is a factual error that, if the correct fact had been known, would have resulted in a different classification").

## II.

Brother's multifunction centers ("MFCs"), which are office equipment, entered the United States between June 24, 1996, and February 5, 1997; they were liquidated between October 11, 1996, and May 23, 1997. The MFCs at issue in this case are model numbers MFC-4550, MFC-4550DS, MFC-6550MC, and MFC-7550MC, which all "employ a printing mechanism that uses laser technology." Prior to importation, Mitchell von Poederoyen, a national account manager for Brother's customs broker, FedEx Trade Networks, classified the MFCs under subheading 9009.12.0000 of the Harmonized Tariff Schedule of the United States ("HTSUS"), the category for a photocopying apparatus. As a result, Customs liquidated the entries at 3.7% *ad valorem*, the correct amount for that classification.

In July of 1997, Brother requested a tariff classification ruling for the MFC-4550 machine. See Brother Int'l Corp., 368 F. Supp. 2d at 1346. In its ruling in response to the request, Customs described the MFC-4550 as "a multi-function machine in one common housing that can perform, printing, copying, scanning, fax and PC fax

functions" and found that "the printing function . . . dictates the principal function of [the] machine." See id. Based upon this finding, Customs concluded that the MFC-4550 should be classified under subheading 8471.60 6200, HTSUS, "which provides for other laser printer units" and is a duty free provision. See id. Brother then requested reliquidation of the rest of the MFCs pursuant to 19 U.S.C. § 1520(c)(1). See id. After Customs denied the request, Brother timely protested. See id. Customs denied the protest on the ground that Brother was not entitled to relief under section 1520(c)(1) because the original misclassification was due to a mistake of law. See id. at 1346-47.

Brother timely filed its summons in the Court of International Trade challenging Customs's decision. See id. at 1347.

III.

The Court of International Trade held a bench trial on February 9, 2005, on the issue of whether Brother's misclassification of the MFCs at issue was due to a mistake of fact or a mistake of law. Id.[2] Following the trial, the court rendered its decision sustaining Customs's denial of Brother's protest.

The Court of International Trade first explained that "a mistake of fact occurs in instances where either (1) the facts exist, but are unknown, or (2) the facts do not exist as believed. A mistake of law occurs when the facts are known but the legal significance of those facts is not appreciated." Id. (citations omitted) (citing G & R Produce, 381 F.3d at 1333). The court recognized that "[w]hen a mistake of fact occurs,

---

[2] The Court of International Trade denied earlier summary judgment motions by Brother and Customs, finding that there were genuine issues of material fact, namely the extent of the knowledge that Mr. von Poederoyen possessed about the physical characteristics of the MFCs at the time of classification. Brother Int'l Corp. v. United States, 342 F. Supp. 2d 1295, 1301 (Ct. Int'l Trade 2004).

courts have recognized that 19 U.S.C. § 1520(c)(1) provides a liberal scope of correction for the aggrieved party." Id. (citing G & R Produce, 381 F.3d at 1332-33). It concluded that "if a mistake is a mix of fact and law, then statutory relief is precluded." Id. (citing Ford Motor, 157 F.3d at 857).

Next, the Court of International Trade found that MFC-4550 and MFC-4550DS units were "five-in-one" MFCs consisting of a laser printer, copier, facsimile, scanner and PC fax and that the MFC-6550MC and MFC-7550MC were "six-in-one" MFCs consisting of a laser printer, copier, facsimile, scanner, PC fax, and answering machine. Id. at 1348. The court also found that the invoice description for the entries reads "multifunctional copier/printer/fax." Id. The court accepted Brother's argument that the printer was the essential character of the MFCs and that Brother's broker, Mr. von Poederoyen, was not aware of that fact at the time of importation. Id. at 1348-49. Instead, he thought that they were three-functions-in-one machines (copier, printer, and fax). Id. The court reasoned that, as far as the MFC units were concerned, Mr. von Poederoyen classified them based upon HTSUS General Rules of Interpretation ("GRI") 3(c) because the principal function could not be determined. Id. at 1350.[3] The court

---

[3]    HTSUS GRI 3 states in relevant part:
When . . . goods are, prima facie, classifiable under two or more headings, classification shall be effected as follows:
(a)    The heading which provides the most specific description shall be preferred to headings providing a more general description. However, when two or more headings each refer to part only of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, those headings are to be regarded as equally specific in relation to those goods, even if one of them gives a more complete or precise description of the goods.
(b)    Mixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale, which cannot be classified by reference to 3(a), shall be classified as if they

also reasoned that Mr. von Poederoyen relied upon Customs Ruling NY 897540 (May 9, 1994) ("the Lanier Ruling") to reinforce his classification decision. Id.[4]

The court recognized that there was a mistake of fact under section 1520(c)(1) because Brother's broker, Mr. von Poederoyen, believed that all of the functions of the MFCs were equally important and so he did not know the facts as they really were. Id. at 1351. The court concluded, however, that there was also a mistake of law because a decision to classify merchandise under a particular provision of the HTSUS is a determination of law and "Mr. von Poederoyen consciously employed the legal analysis of the GRI in determining classification of the MFCs." Id. at 1351-52. The court reasoned further that "[t]he broker's reliance on the Lanier Ruling also amounted to a construction of the law." Id. at 1352. It concluded that "[b]ecause this Court holds that [Brother] made a mistake of law, judgment shall be rendered in favor [Customs]." Id. The court denied Brother's motion for rehearing. Brother Int'l Corp. v. United States, No. 00-000006, slip op. (Ct. Int'l Trade Aug. 25, 2005).

Brother now appeals the Court of International Trade's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

---

(Cont'd. . . .)

    consisted of the material or component which gives them their essential character, insofar as this criterion is applicable.

    (c)    When goods cannot be classified by reference to 3(a) or 3(b), they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration.

HTSUS GRI 3(c) (1997); see Brother Int'l Corp., 368 F. Supp. 2d at 1350 n.8.

    [4]    In the Lanier Ruling, Customs ruled that the proper classification of the Lanier Corporation's multifunctional fax/copier/printer under GRI 3(c) was tariff item 9009.12.0000. See Brother Int'l Corp., 368 F. Supp. 2d at 1350 n.9.

DISCUSSION

I.

This court reviews the Court of International Trade's interpretation of a statute, which is a matter of law, de novo. Texport Oil Co. v. United States, 185 F.3d 1291, 1294 (Fed. Cir. 1999). Following a trial, we review the Court of International Trade's findings of fact for clear error. Ford Motor Co. v. United States, 286 F.3d 1335, 1340 (Fed. Cir. 2002). Under that standard, we accept the Court of International Trade's findings unless we are left with a definite and firm conviction that a mistake has been committed. Id.

II.

Brother contends that its error of fact classifying the MFCs is remediable under section 1520(c)(1). Specifically, it argues that the error by its customs broker does not fit the definition of mistake of law because "Mr. von Poederoyen conducted an entirely correct legal analysis predicated upon the wrong facts." According to Brother, the correct facts relating to the MFC units that were entered were not known to Mr. von Poederoyen. Customs responds that Brother's mistake in classifying its MFCs is not remediable under section § 1520(c)(1) because the determination of the classification was an error of law. Customs takes the position that inasmuch as the mistake made by Brother in classifying its MFCs was a mistake based on the construction of the tariff, it was a mistake of law.

III.

We agree with the Court of International Trade that this case involves a mistake of fact. See Brother, 368 F. Supp. 2d at 1348-51. Brother's broker was not aware of

06-1068                                      8

the facts as they existed. As the court found, Mr. von Poederoyen did not know that the printer was the essential character of the MCFs, which was a mistake of fact. Id. at 1351. That is, the broker was not aware of the facts as they existed. That clearly constitutes a mistake of fact. See Ford, 157 F.3d at 859.

The Court of International Trade erred, however, in ruling that the mistake was also one of law. It was the factual error—namely, facts not known about the MFCs—that caused the misclassification. The fact that Mr. von Poederoyen "consciously employed the legal analysis" in determining classification does not alter this result. See Brother, 368 F. Supp. 2d at 1348-51. As we have explained, a mistake of fact that leads to a misclassification is still a mistake of fact. See G & R Produce, 381 F.3d at 1333. It was not the later legal interpretation, based on the mistaken fact, that resulted in the misclassification. Thus, the Court of International Trade erred. The result of the court's error was that Brother was incorrectly denied the remedy of reliquidation under 19 U.S.C. § 1520(c)(1).

CONCLUSION

We reverse the Court of International Trade's decision and remand the case to the court for a further remand to Customs, so that Customs may reliquidate the goods at the correct duty and refund to Brother the excess duties previously paid as a result of the misclassification.

REVERSED and REMANDED