Slip Op. 06-176

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                         :
MORRIS COSTUMES, INC.                       :
                                                         :
               Plaintiff,                              :
                                                         :
                                                         :        Before:        WALLACH, Judge
         v.                                              :        Court No.:     05-00184
                                                         :
UNITED STATES,                                   :
                                                         :
               Defendant.                           :
                                                         :
_____:

[Plaintiff's Motion for Summary Judgment is DENIED; Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) is GRANTED; Defendant's Cross-Motion for Summary Judgment is GRANTED.]

Dated: December 6, 2006

Alston & Bird, LLP, (Jason Matthew Waite and Bobbi Jo Shannon) for Plaintiff Morris Costumes, Inc.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Marcella Powell, Department of Justice, Civil Division, Commercial Litigation Branch, Beth Brotman, Office of Assistant Chief Counsel, International Trade Litigation, for Defendant United States.

**OPINION**

**Wallach, Judge:**

**I**
**INTRODUCTION**

Plaintiff Morris Costumes, Inc. ("Morris Costumes") challenges the decision of the

United States Bureau of Customs and Border Protection ("CBP" or "Customs") to liquidate the

subject entries as wearing apparel rather than as festive articles under 9505.90.6000, Harmonized

Tariff Schedule of the United States ("HTSUS"). Defendant agrees to the jurisdiction of this court over Plaintiff's cause of action arising under 19 U.S.C. § 1520(c),[1] but disputes jurisdiction over Plaintiff's cause of action brought under 28 U.S.C. § 1581(i). Because Plaintiff could have asserted jurisdiction under 28 U.S.C. § 1581(a), and because there was no mistake of fact on the part of Customs to satisfy the requirement of 19 U.S.C § 1520(c), Plaintiff's Motion for Summary Judgment is denied. For these same reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) and Defendant's Cross-Motion for Summary Judgment are granted.

## II
## BACKGROUND

Morris Costumes imports flimsy textile costumes and costume accessories into the United States, which, prior to the spring of 2002, it classified as festive articles under 9505.90.6000, HTSUS. On February 19, 2002, the court issued an opinion in Rubie's Costume Co. v. United States, 26 CIT 209, 196 F. Supp. 2d 1320 (2002) ("Rubie's I"), overturning CBP's administrative determination and finding that flimsy textiles are to be classified as wearing apparel instead of festive articles.[2] Accordingly, Morris Costumes began to classify its flimsy costumes under dutiable provisions, mainly as wearing apparel in chapters 61 and 62, HTSUS. Complaint ¶ 9, Morris Costumes, Inc. v. United States, No. 05-00184 (CIT March 3, 2004) ("Complaint"). Subsequently, on April 22, 2002, a Notice of Appeal was filed by Rubie's Costumes, and CBP

[1] 19 U.S.C. § 1520(c) was repealed by Pub. L. 108-429, Title III, § 2105 (December 3, 2004).

[2] The parties do not dispute that the subject entries are of the same character as those in Rubie's I, and therefore are governed by the rulings in that case and its appeals.

determined that liquidation of entries of the subject merchandise was to be suspended pending the outcome of the case. Id. Nevertheless, Plaintiff's merchandise was automatically liquidated between March 7, 2003 and August 8, 2003, after the suspension was in effect but before the appellate decision in Rubie's I was rendered. Plaintiff's Statement of Undisputed Material Facts at 2. At that time no Customs employee knew whether or not the subject entries contained merchandise subject to the Rubie's I suspension. Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts, ¶ 7.

On August 1, 2003, the Court of Appeals for the Federal Circuit reversed Rubie's I in Rubie's Costume Co. v. United States, 337 F.3d 1350 (Fed. Cir. 2003) ("Rubie's II"), holding that flimsy textile costumes are to be classified as festive articles. Importers were subsequently directed by CBP to classify their flimsy textile costumes accordingly. On February 9, 2004, Morris Costumes filed a request for reliquidation with CBP under 19 U.S.C. § 1516(f) and, alternatively, under 19 U.S.C. § 1520(c), both of which were denied by Customs.[3] Complaint ¶ 19. Plaintiff protested the denial of the claim under 19 U.S.C. § 1520(c), which was also denied by CBP.[4] Id.

Motions under review in this opinion are Plaintiff's Motion for Summary Judgment, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Defendant's Cross-Motion for Summary Judgment. Oral Argument was held on October 18, 2006.

---

[3] Case No. 1512-04-20001 and internal advice ruling letter HQ 230500 (Jan. 19, 2005).

[4] Protest number 1512-05-100009.

**III**
**STANDARD OF REVIEW**

In determining the outcome of a motion for summary judgment, the court must examine whether there remain any "genuine issues of material fact" in dispute on the matter. Anderson v. Liberty Lobby, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509, 91 L. Ed. 2d 202, 211 (1986). The inquiry therefore is not into factual matters, but whether either party is entitled to a judgment as a matter of law.[5]

**IV**
**DISCUSSION**

**A**
**The Court Lacks Jurisdiction under 28 U.S.C. § 1581(i) because 28 U.S.C. § 1581(a) was Available to Plaintiff**

Plaintiff argues that CBP is required to reliquidate the subject entries in accordance with Rubie's II because they are "of the character of the merchandise" reviewed in that decision. Plaintiff's Memorandum in Support of its Motion for Summary Judgment ("Plaintiff's Brief") at 6 (citing 19 U.S.C. § 1516(f)). According to Morris Costumes, this court has both inherent ancillary jurisdiction over the matter in order to determine the scope and effect of Rubie's II and jurisdiction under 28 U.S.C. § 1581(i)(1),(4). Id. Additionally, Plaintiff states that it was not required to protest the original liquidations of the subject entries as a condition of relief because

---

[5] Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R.56(c).

section 1516 is an exception to section 1514's mandate for "final and conclusive" determinations and requires suspension of liquidation proceedings by the Government. Id.

Defendant counters that the court lacks jurisdiction over Morris Costumes's claim because it failed to file protests over the liquidations of the entries at issue. Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) and Cross Motion for Summary Judgment ("Defendant's Brief") at 7. First, according to Customs, Plaintiff's failure to protest the liquidation as required by 19 U.S.C. § 1514(a)[6] is dispositive in this case because section 1516 is only exempted from section 1514's finality as it applies to domestic parties, and Plaintiff is an importer. Id. at 9. Second, it concludes that Morris Costumes could have obtained relief through section 1581(a) if it had chosen to utilize the protest procedure provided for therein. Id. at 7.

**1**
**For This Court to Have Jurisdiction Under 28 U.S.C. § 1581(i), Jurisdiction Must Not be Available Under any Other Subsection of Section 1581.**

This court has jurisdiction under 28 U.S.C. § 1581(i) when there is no jurisdiction available under any other subsection of section 1581 in civil actions concerning:

> (1) revenue from imports or tonnage;
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

---

[6] 19 U.S.C. § 1514(a) provides for the finality of all decisions by Customs unless the subject entries fall under an exempted section, such as section 1516, or a protest is timely filed in accordance with the statute.

> This subsection *shall not confer jurisdiction* over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade under section 516A(a) . . . .

28 U.S.C. § 1581(i) (emphasis added).

Section 1581(i) therefore "should not be utilized to circumvent the exclusive methods of judicial review . . . set forth in 19 U.S.C. § 1516(a)," nor can it be used to create new causes of action or supercede specific jurisdictional requirements set forth elsewhere in the statute. Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States, 13 CIT 584, 586, 717 F. Supp. 847, 849 (1989). As section 1581(a) confers on the court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part," 28 U.S.C. § 1581(i) jurisdiction is not available in this case if Plaintiff had the option of protesting the classification and liquidation and failed to do so.

Allowing jurisdiction in that circumstance would first undermine the express language of the statute that section 1581(i) is "in addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section . . . ." Id. Additionally, the legislative history of the statute illustrates that "Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service." National Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1557-58 (Fed. Cir. 1988) (quoting United States v. Uniroyal, Inc., 687 F.2d 467, 471, 69 C.C.P.A. 179, 182 (1982)); see also Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."). If 28 U.S.C. §

6

1581(a) was available to Plaintiff as an avenue for jurisdiction, and is not manifestly inadequate, there can be no jurisdiction under 28 U.S.C. § 1581(i).

Barring exceptions, jurisdiction in this court fails without a properly filed protest because of the finality provision found in 19 U.S.C. § 1514(a). The statute states that:

> any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same . . . shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade. . . .

Id.

Included in the exemptions from section 1514's finality provision is 19 U.S.C. § 1516,[7] as "relating to petitions by domestic interested parties." Id. Plaintiff, an importer, is therefore not

_____

[7] Under 19 U.S.C. § 1516 entries of the kind reviewed in a pending judicial decision are to be suspended until they can be liquidated in accordance with the final judicial decision in the case. 19 U.S.C. § 1516(f). The statute in pertinent part reads:

> If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit, merchandise of the character covered by the published decision of the Secretary, which is entered for consumption or withdrawn from warehouse for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of a notice of the court decision, shall be subject to appraisement, classification, and assessment of duty in accordance with the final judicial decision in the action, and the liquidation of entries covering the merchandise so entered or withdrawn shall be suspended until final disposition is made of the action, whereupon the entries shall be liquidated, or if necessary, reliquidated in accordance with the final decision. . . .

Id. Accordingly, Plaintiff is correct in its assertion that under the circumstances of the pending Rubie's II litigation Customs was expected to suspend the liquidation of entries covered by the determination.

exempted from the protest requirement in section 1514, as 19 U.S.C. § 1516 is by the statute's plain language exempted only as it relates to "petitions by domestic interested parties." 19 U.S.C. § 1514(a). Morris Costumes is not exempted from the section 1514 protest requirement because it is not a domestic interested party as specified by the statute for exemption.

**2**
**Automatic Liquidations by CBP are Protestable, and Therefore 28 U.S.C. § 1581(a) Applies to Plaintiff's Claim.**

Plaintiff further argues that because the liquidations made by CBP were automatic, Customs's actions were not protestable and 28 U.S.C. § 1581(a) does not apply. Plaintiff's Brief at 10 (citing LG Electronics U.S.A., Inc. v. United States, 21 CIT 1421, 991 F. Supp. 668 (1989).

Plaintiff also states that even if the liquidations were protestable, Customs would have been required to deny the protest because Rubie's II was pending at the time, rendering jurisdiction under section 1581(i) the only option remaining in section 1581. Id. at 10-11.

Defendant counters that the liquidations under the current section 1514 are unlike the entries in LG Electronics because of subsequent amendments to the statute,[6] and were therefore protestable. Defendant's Brief at 11. The Government further notes that a protest may be suspended under Customs Directive 099-3550-065,[7] and thus Morris Costumes had the

_____

[6] The Customs Modernization Act, Pub. L. 103-82, § 638(1), enacted and effective on December 8, 1993, changed 19 U.S.C. §§ 1500 and 1514(a) by substituting "Customs Service" for "appropriate customs officer." For example, the amended statute required that "[w]hen a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly," whereas it previously provided for an "appropriate customs officer, which shall take action accordingly." 19 U.S.C. § 1514(a).

[7] Revised Protest Directive, No. 099-3550-065 (August 4, 2003).

8

opportunity to have its protest suspended until the final outcome in Rubie's II, or alternatively, if suspension were denied to appeal to this court for relief. Reply Memorandum in Further Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) and Cross-Motion for Summary Judgment ("Defendant's Reply") at 2.

Plaintiff mistakenly relies on LG Electronics for the proposition that automatic liquidations do not constitute "decisions" under 19 U.S.C. § 1514(a). There, the court's decision regarding the protestability of automatic liquidation decisions turned on the statutory language specifying that a decision was to be made by an "appropriate customs officer." LG Electronics, 991 F. Supp. at 673. The Customs Modernization Act ("Mod Act"), Pub. L. 103-82, § 638(1) (1993), amended 19 U.S.C. §§ 1500 and 1514(a) to allow for liquidation by "Customs Service" rather than the individual "appropriate customs officer." Id. at 673 n.8. The amendment thus broadens the applicability of the protest requirement to include all decisions of the Customs Service, not merely those made by an individual officer. Accordingly, automatic liquidations are protestable under 19 U.S.C. § 1514, and section 1581(a) is the proper jurisdictional statute.

Further, Plaintiff's argument that any protest filed by Morris Costumes would necessarily have been denied by CBP due to the pending Rubie's II litigation, therefore rendering section 1581(i) the only jurisdictional option, is misplaced. Morris Costumes could have filed its protest to the liquidations followed by a request for suspension of the protest pending the outcome of the litigation under Customs Directive 099-3550-065. If, after filing the protest and request, both were denied by CBP, Morris Costumes could then have turned to this court for relief. 19 U.S.C. § 1514(a). Therefore, in this case the appropriate procedure for Morris Costumes to challenge Customs's automatic liquidation of the subject entries was to protest the decision within ninety

9

days of the liquidation and then, if unsuccessful, to appeal to this court in order to challenge the government's determination, as prescribed by 19 U.S.C. § 1514(a). Because this option was available to Morris Costumes and it failed to protest the liquidations within the allotted time, this court cannot have jurisdiction under 28 U.S.C. § 1581(i).

**3**
**There is No Ancillary Jurisdiction in This Case Because the Facts are Not Interdependent With Those in <u>Rubie's II</u>.**

In addition, Morris Costumes argues that the court has inherent ancillary jurisdiction to determine the effect of <u>Rubie's II</u> on entries of merchandise that fall under that decision. Plaintiff's Brief at 19 (citing <u>Heartland By-Products v. United States</u>, 424 F.3d 1244 (Fed. Cir. 2005)). The Government responds that ancillary jurisdiction is not conferred on the court merely because the subject entries were of the same character as those in the <u>Rubie's II</u> decision.

As noted in <u>Heartland By-Products</u>, though all federal courts have ancillary jurisdiction as part of their inherent power to enforce their judgments, "the Supreme Court has 'cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original,' or where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree.'" <u>Heartland By-Products</u>, 424 F.3d 1244 at 1252 (quoting <u>Peacock v. Thomas</u>, 516 U.S. 349, 357-59, 133 L. Ed. 2d 817, 116 S. Ct. 862 (1996)). In this case, though the subject entries are of the same character as those in <u>Rubie's II</u>, this court made no ruling on the specific entries in question. Additionally, Morris Costume's entries are not sufficiently "factually interdependent" as required by the Supreme Court. See <u>Peacock</u>, 516 U.S. 349 at 354-55 (holding that a federal court may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2)

10

to enable a court to function successfully, that is, to manage it proceedings, vindicate its authority, and effectuate its decrees"). Because the court has never before ruled on the entries at issue, and as the Rubie's II entries, though similar in character, are not "factually interdependent" with the entries in this case, this court does not have ancillary jurisdiction over the issues at hand.

Protesting the liquidation of the subject entries was a viable and adequate option for Morris Costumes at the time of CBP's decision. This court therefore cannot have jurisdiction over the matter under 28 U.S.C. § 1581(i), because to do so would be to allow the plaintiff to circumvent the protest procedure of section 1514 in a way that Congress clearly did not intend. As Morris Costumes failed to protest the liquidation of the subject entries as required by 19 U.S.C. § 1514(a), this court lacks jurisdiction under 28 U.S.C. § 1581(a). This court further has no ancillary jurisdiction over the matter, and therefore Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) must be granted.

**B**
**There was no Mistake of Fact by Customs to Qualify the Subject Entries for Reliquidation under 19 U.S.C. § 1520(c)**

Morris Costumes asserts that CBP's error in liquidating the subject entries constituted a mistake of fact or other inadvertence under 19 U.S.C. § 1520(c)[8], and Morris Costumes is therefore entitled to reliquidation. Plaintiff's Brief at 22. According to Plaintiff, CBP's lack of knowledge that the liquidation of the subject entries should have been suspended pending the Rubie's II decision was a mistake of fact rather than of law because it was a lack of knowledge of

---

[8] 19 U.S.C. § 1520(c) was repealed on December 3, 2004, after the merchandise in question was imported by Morris Costumes.

11

the physical nature of the merchandise, and CBP made no legal determinations about the subject entries because they were liquidated automatically.  Id. at 24, 26.

The Government counters that there was no mistake of fact under 19 U.S.C. § 1520(c) because the entries were liquidated prior to Rubie's II and the classification was, at the time, consistent with the law. Defendant's Brief at 14-16.  Customs further argues that even if the classification does qualify as a mistake it constitutes a mistake of law rather than of fact because the import specialist was unaware of the legal requirement that liquidation of the subject entries was to be suspended. Id. at 16.  If that is the case, the mistake at issue is not covered by section 1520(c) as it refers to mistakes of fact only.

Section 1520(c) provides for an exception to section 1514's finality in absence of a protest in cases of reliquidation when there was an error made by Customs that involved a mistake of fact.  The statute reads, in pertinent part:

> Notwithstanding a valid protest was not filed, the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry or reconciliation to correct--
>     (1) a clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in electronic transmission, not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the Customs Service within one year after the date of liquidation or exaction . . . .

19 U.S.C. § 1520(c).  This provision is intended to be a "limited exception," not to be employed to excuse the failure to protest a decision by Customs as required by section 1514.  Fujitsu Compound Semiconductor, Inc. v. United States, 363 F.3d 1230, 1235 (Fed. Cir. 2004); see also ITT Corp. v. United States, 24 F.3d 1384, 1387 n.4 (Fed. Cir. 1994) ("Section 1520(c)(1) does

12

not afford a second bite at the apple to importers who fail to challenge customs' decisions within the 90 day period set forth in § 1514 . . . ."); Boast, Inc. v. United States, 17 CIT 114, 116 (1985) (noting that section 1520(c) "affords limited relief where an unnoticed or unintentional error has been committed.").  In order to obtain reliquidation under section 1520(c) for mistake of fact, an importer must show (1) there was a mistake of fact; (2) the mistake did not involve a mistake in the construction of the law; (3) the mistake was adverse to the importer; (4) the mistake was manifest from the record or can be established by documentary evidence which was brought to CBP's attention within one year of the disputed liquidation. See  Brother Int'l Corp. v. United States, 368 F. Supp. 2d 1345, 1351 (CIT 2004) rev'd on other grounds, Brother Int'l Corp. v. United States, 464 F.3d 1319, 1326 (Fed. Cir. 2006).

Under section 1520(c), a mistake of fact "takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." C.J. Tower & Sons of Buffalo, Inc. v. United States, 68 Cust. Ct. 17, 22, 336 F. Supp. 1395, 1399 (1972); see, e.g., Executone Info. Sys. v. United States, 96 F.3d 1383, 1386 (Fed. Cir. 1996) (finding that when a fact thought to exist did not, in fact, exist, a mistake of fact had occurred).  In addition to qualifying as a mistake of fact, "for an error to be correctable, it must simultaneously qualify as at least one of the three enumerated types [clerical error, mistake of fact, or other inadvertence] and not qualify as an 'error in the construction of a law.'" Brother Int'l Corp., 368 F. Supp. 2d at 1351 (quoting Ford Motor Co. v. United States, 157 F.3d. 849, 857 (Fed. Cir. 1998)) (alteration in original).

In this case, there was no action by CBP that qualified as a mistake of fact under 1520(c) in the liquidation of the subject entries.  The liquidation of the entries took place after Rubie's I

but prior to Rubie's II, at which time the liquidation of the entries in question was done in accordance with the current law as applied under Rubie's I. The burden of ensuring suspension of liquidation when litigation that will effect the decision is pending is on the importer, not on Customs. Cf. Fujitsu Compound Semiconductor, Inc., 363 F.3d at 1235 ("'[M]istake of fact' does not comprehend the fact here asserted [by the plaintiff] to be a mistake, viz. Customs' failure to reliquidate the entries at its own initiative, for we agree with the trial court that this burden is not upon the Customs Service."). Thus, it is not a mistake of fact for Customs to liquidate the subject entries according to their proper physical characteristics as the law required before the final determination changed the law; it was up to Plaintiff to challenge CBP's failure to suspend the liquidation. Accordingly, there was no mistake of fact on the part of Customs that qualifies for reliquidation under section 1520(c).

**V**
**CONCLUSION**

For the reasons stated above, Morris Costume's Motion for Summary Judgment is denied and the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) and Cross-Motion for Summary Judgment are granted.

_____/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Dated: December 6, 2006
New York, New York

14